319 So.2d 424 (1975)
STATE of Louisiana
v.
Gustavo Quiles GOMEZ.
No. 56344.
Supreme Court of Louisiana.
October 1, 1975.
Lawrence B. Fabacher, II, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Robert B. Evans, Jr., Asst. Dist. Atty., Abbott J. Reeves, Director, Research and Appeals Div., Gretna, Keith S. May, Research Atty., for plaintiff-appellee.
BARHAM, Justice.
Defendant was arrested by customs agents at the New Orleans International Airport when they discovered in his suitcase a green vegetable material, later identified at trial by an expert witness to be marijuana. After being charged, tried and convicted of the crime of possession with intent to distribute a controlled dangerous *425 substance, defendant was sentenced to imprisonment at hard labor for ten years.
On appeal, defendant urges that two bills of exceptions reserved at trial necessitate reversal of his conviction. The first bill relates to the dismissal of a prospective juror by the trial judge ex proprio motu before any of the prospective jurors had been submitted to voir dire examination. The record reflects that as the bailiff was reading the names of those who had been called for jury duty, he informed the judge that one Mrs. Christine Billedeau was present with her baby. The bailiff then told the judge that Mrs. Billedeau had no one to care for the baby and the judge then ruled: "Let the record reflect that the lady was present and she has a small baby and the baby was crying in the court and there isn't anyone to take care of the child and the court excused the lady."
Defendant objects that he was not given an opportunity to examine the juror and argues that the trial court should have gone further to determine definitively whether the prospective juror was in fact subject to disqualification on account of hardship. La.C.Cr.P. art. 786 provides in pertinent part:
"The court, the state, and the defendant shall have the right to examine prospective jurors. * * *"
However, La.C.Cr.P. art. 783 also says in part:
"The court may excuse a member of the petit jury venire at any time prior to the time he is sworn as a juror to try a particular case. The panel shall be selected from the remaining members of the petit jury venire. * * *"
The apparent conflict between these two Code articles has been resolved by the jurisprudence by allowing the trial judge, within his sound discretion, to release prospective jurors in advance of voir dire examination; the trial judge's decision in this matter is not to be disturbed unless there is a showing of fraud or collusion resulting in prejudice to the accused. State v. Witherspoon, 292 So.2d 499 (La. 1974); State v. Jack, 285 So.2d 204 (La. 1973); State v. Williams, 258 La. 801, 248 So.2d 295 (La.1971).
The interpretation given by the cases is supported by revisors' comment (b) to La. C.Cr.P. art. 783. The comment, quoted below, indicates that the trial judge is to be vested with discretion to dismiss members of the petit jury venire before they are called for examination in a particular case:
"Official Revision Comment
"* * *
"(b) This article, as well as the source articles, contains a near contradiction. That is, there is some conflict between the defendant's right to have at hand the entire venire, and the court's authority to excuse a large part of the venire in advance. However, the right of the judge to excuse in advance is essential, since many persons chosen for the venire have valid reasons for being excused. The discretion of the judge must be relied upon to avoid abuse, and abuse is reversible error.
* * *
Defendant has failed to establish that the facts of the instant case demonstrate an abuse of discretion by the trial judge. The prospective juror, Mrs. Billedeau, was forced to bring her infant to the courtroom in order to appear when summoned for jury duty. From the record it appears that the child's crying was disruptive to the jury selection proceedings and certainly would have been intolerable during trial. The judge ascertained through the bailiff that Mrs. Billedeau had no one to care for the child during the trial. These facts convince us that the trial judge did not exceed the bounds of proper discretion in dismissing the prospective juror.
*426 As additional support for his first bill of exceptions, defendant cites article I, § 17 of the Louisiana Constitution of 1974. Apparently, his contention is that this provision supercedes La.C.Cr.P. art. 783 and the jurisprudence cited above. Section 17 lists among the rights of the accused, the following:

"* * * The accused shall have a right to full voir dire examination of prospective jurors and to challenge jurors peremptorily. * * *"
We find no merit in defendant's position. Absent specific language to the contrary, it is reasonable to conclude that the drafters of the constitution intended to do no more than to enshrine into the highest law of the state the defendant's statutory and jurisprudential right to fully examine prospective jurors after the judge has initially dismissed those clearly incapable of serving. This reading of the provision is entirely consistent with Professor Hargrave's comments on its import:
"The new provision continues the prior guarantee of a right to challenge jurors peremptorily, the number of challenges to be fixed by law. The innovation in the jury selection process is the grant of the right `to full voir dire examination of prospective jurors' to an accused. The purpose of the provision is to continue the traditional Louisiana practice of allowing the defense to examine prospective jurors at some length, as indicated by the provision for a full examination. It prevents adoption of a jury selection procedure as used in the federal system where the defense's ability to examine prospective jurors can be substantially circumscribed by the judge." L. Hargrave, The Declaration of Rights of the Louisiana Constitution of 1974, 35 L.L.Rev. 1 at 57. (Emphasis added.)
There is no merit in the first bill of exceptions.
In his second bill of exceptions, defendant complains that the trial judge erred in admitting the testimony of the State's expert witness, who testified that the substance recovered from defendant's suitcase at the time of his arrest was marijuana. The expert, Mr. Milton Dureau, Jr., graduated from Tulane University in May, 1973, with a Bachelor of Science Degree in chemistry. Three months later, he began work at the Southeastern Crime Laboratory and continued his employment there until the time of the trial of this case. Dureau testified that he had conducted over two thousand experiments to test the chemical composition of substances alleged to be narcotic and that he had appeared as an expert witness in other criminal cases.
La.R.S. 15:466 provides:
"The test of the competency of an expert is his knowledge of the subject about which he is called upon to express an opinion, and before any witness can give evidence as an expert his competency so to testify must have been established to the satisfaction of the court."
Whether a witness offered by one of the parties qualifies as an expert is a question of fact to be decided by the judge. He has wide discretion to accept or reject the witness' qualifications, and his decision in the matter will not be disturbed on appeal absent manifest error. State v. Ledet, 298 So.2d 761 (La.1974); State v. Richmond, 278 So.2d 17 (La.1973); State v. Sinclair, 258 La. 84, 245 So.2d 365 (1971).
Once again, we find no abuse of discretion by the trial judge in accepting Mr. Dureau as an expert in chemical analysis of narcotics. The expert's qualifications and experience support the court's ruling and thus we find no merit in the second bill.
For the reasons assigned, we affirm defendant's conviction and sentence.