328 So.2d 674 (1976)
STATE of Louisiana
v.
Leonard COLLINS.
No. 56485.
Supreme Court of Louisiana.
February 23, 1976.
*676 Alvin N. Taylor, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
This matter involves two separate appeals from two separate convictions on separate charges of aggravated rape. Each appeal will be treated separately under this title.

The First Appeal
This case is numbered 230-888 on the docket of the trial court. The prosecution is based upon a grand jury indictment dated October 19, 1972 charging that Leonard Collins committed aggravated rape upon a named victim on August 5, 1972. Defendant was tried on August 15, 1973 by a jury, convicted and sentenced to serve the remainder of his natural life at hard labor. Four bills of exceptions are relied upon for reversal of the conviction and sentence.

Bill No. 1
Officer Alan Sison, a criminalist for the New Orleans Police Department, was recognized as an expert in the field of identification of substances, including seminal fluid. He testified that he received the panties worn by the victim on the morning of the rape and conducted a chemical test which he described. A positive finding of seminal fluid was the result of the test. He also testified that he tested a knife purportedly used by the defendant but found no blood or seminal fluid present on that object. He was extensively cross-examined by defense counsel relative to the tests without a contradiction or a resulting weakening of his testimony.
When the witness produced the crime lab report in connection with his tests, and the State offered to introduce it into evidence, defense counsel objected that it was not shown that the report was written or signed by the witness. The objection was overruled, and this bill was reserved.
The Court is of the opinion, as the State argued at the time, that the witness' connection with the report "has been well established." The document purports to be signed by Sison and records that the test for seminal fluid was positive. Although the witness did not testify that he had prepared the report and signed it, when asked, "Do you have the Crime Lab report in connection with your examination of the panties in this case?", he answered in the affirmative and produced the report which was in his possession at the time. This testimony, together with his signature on the lab report and the similarity between his testimony and the content of the lab report, *677 provides a strong inference that the lab report was a true record of his tests. This inference has not been rebutted in any particular.
This bill has no merit.

Bill No. 2
When the victim testified on behalf of the State, she identified the panties she wore on the day of the rape. When the State sought to introduce them into evidence, the defense objected that there was no evidence in the record showing when the garment was obtained from the victim and, if so, by whom. The trial judge admitted the evidence with the understanding that the objection would go to the weight, rather than to the admissibility. Impliedly, he found the evidence admissible.
Defendant's objection is based upon an asserted lack of proof of a chain of custody or connexity during the interval between the alleged offense and the time of the trial. As already noted, the victim unequivocally identified the underpants as hers and as being the ones she was wearing on the day of the alleged rape. And, as noted in connection with our consideration of Bill No. 1, the evidence establishes that the garment was stained by seminal fluid. This evidence provides sufficient identification and connexity to permit the introduction.
Identification of evidence may be visual,
". . . that is, by testimony at the trial that the object exhibited is the one related to the case. It can also be identified by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it is offered in evidence." State v. Dotson, 260 La. 471, 256 So.2d 594 (1971), cert. denied, 409 U.S. 913, 93 S.Ct. 242, 34 L.Ed.2d 173 (1972). See also State v. White, 321 So.2d 491 (La.1975).
This bill has no merit.

Bill No. 3
When the State endeavored to introduce the knife seized from one of defendant's cars, defendant objected, arguing that the knife was not shown to be the one the alleged rapist used in subduing the victim. The objection was overruled and this bill was reserved.
The victim testified that the knife looked like the one the rapist used to threaten her. One of the testifying officers stated that he recovered the knife from the car belonging to the defendant. Although there was no positive testimony that the knife sought to be introduced was the actual weapon used, the trial court did not err in allowing the knife's introduction. The test generally applied is whether it is "more probable than not that the object is the one connected with the case." State v. Dotson, 260 La. 471, 256 So.2d 594 (1971). If the testimony referred to was considered credible by the trial judge, the "more probable than not" test has been met. Credibility of witnesses is a matter in which the trial judge's discretion is broad, and it is a matter concerning which he is particularly well situated to judge. No showing here warrants disturbing his ruling.

Bill No. 4
Defendant objected to the introduction into evidence of a signed waiver of rights form, contending that the trial testimony had failed to establish when the signature was affixed to the document. This bill was reserved when the trial judge overruled the objection.
Several officers testified that defendant was arrested on October 3, 1972, and about eight o'clock that evening they orally advised him of his rights upon arrest. Defendant was again advised of his rights when he signed the written waiver, prior to making a statement between the hours of eight and nine o'clock that same evening.
*678 No authority is cited to support the defense contention that a more specific time be given, and this Court is unaware of any such authority. The law is satisfied, in our view, if the advice is given shortly prior to any custodial interrogation in such a manner that the arrestee is aware that his statement is made with full knowledge of his rights. In this case that requirement was satisfied.
This bill has no merit.
For the reasons assigned, the conviction and sentence are affirmed.

The Second Appeal
This second prosecution is numbered 230-889 on the docket of the trial court and is based upon a separate grand jury indictment also dated October 19, 1972 charging that Leonard Collins on September 21, 1972 committed aggravated rape upon a named victim other than the victim named in case number 230-888. Defendant was tried on this charge on October 25, 1973, convicted and sentenced to serve the balance of his natural life at hard labor, without benefit of parole, probation, commutation of sentence or suspension of sentence, consecutively with any other sentence. On this appeal two bills are relied upon for reversal of the conviction and sentence.

Bill No. 1
During the victim's direct testimony she described her assailant, mentioning that he had a missing or split tooth in the bottom of his mouth. The prosecutor then asked if the missing or split tooth was in the assailant's upper or lower jaw, right or left side. She answered the broken tooth was in the lower right jaw. At this time the prosecutor requested that the jury be allowed to see defendant's lower right jaw, and defense counsel objected.
Later, in brief to this Court defense counsel contends that when Collins was asked to open his mouth and reveal his lower jaw his Fifth Amendment rights were violated.
Requiring a defendant to be observed is demonstrative evidence, and the practice does not violate the defendant's Fifth Amendment right against self-incrimination. State v. Brown, La., 326 So.2d 839 (decided Dec. 8, 1975); State v. O'Conner, 320 So.2d 188 (La.1975).
This bill is without merit.

Bill No. 2
The medical technologist in the Coroner's Office, whose qualifications as an expert are conceded, testified that she was present during the examination of the victim on the day following the alleged offense; she testified that the test she made on specimens obtained during the examination was positive for the presence of seminal fluid in the victim's body. She also identified a document bearing her signature which she described as her report from the forensic laboratory. The report, she stated, reflected the results of her examination of the victim. When the State sought to introduce the document into evidence, defense counsel objected that although the report showed the results of an examination it did not show that tests had been made or how the technician arrived at the results.
A review of the pertinent portions of the record indicates otherwise. The medical technologist who made the report testified how the seminal fluid was obtained from the victim by a medical doctor in her presence; she also testified regarding the tests she conducted on the substance and the results obtained. Consequently, the report which the technologist said she made and which she said bore her signature was adequately identified. It was admitted as corroborative of the testimony she gave in court. There was no error in the ruling of the trial judge.
A review of the record discloses that the sentence imposed in this prosecution stipulates that it shall be without *679 commutation of sentence. This is incorrect. As this Court has said, the power to commute sentences is vested in the Governor by the Constitution and this power cannot be curtailed by statute. La.Const. Art. IV, § 5(E) (1974); La.Const. Art. V, § 10 (1921); State v. Ramsey, 292 So.2d 708 (La.1974); State v. Varice, 292 So.2d 703 (La.1974).
For the reasons assigned, the conviction is affirmed, but the sentence is annulled and set aside, and the case is remanded to the Criminal District Court for the Parish of Orleans with instructions to the trial judge to sentence defendant to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. La.Code Crim.Pro. arts. 882, 916.