415 So.2d 187 (1982)
STATE of Louisiana
v.
Gary Wayne PARKERSON.
No. 81-KA-2252.
Supreme Court of Louisiana.
April 5, 1982.
Rehearing Granted in Part and Denied in Part July 2, 1982.
*188 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Henry N. Brown, Jr., Dist. Atty., James M. Johnson, Asst. Dist. Atty., for plaintiff-appellee.
John Ford McWilliams, Jr., of Rice & McWilliams, Shreveport, for defendant-appellant.
EDWARD A. DUFRESNE, Jr., Justice Pro Tem.[*]
Defendant was charged with knowingly and intentionally producing a Schedule II Controlled Dangerous Substance, namely marijuana. La.R.S. 40:967A(1). He entered a plea of guilty, reserving his right to appeal from a denial of his motion to suppress the evidence. The trial court sentenced him to a term of three (3) years at hard labor and a fine of $5,000.00, or in default thereof, one (1) additional year at hard labor. It is from this conviction and sentence that defendant appeals, relying on three assignments of error.
FACTS:
At the hearing on the motion to suppress, Trooper John Balance of the Louisiana State Police testified that he had received information from the Arkansas State Police that defendant was growing marijuana. Subsequently, two or three concerned citizens also notified the authorities that defendant was growing marijuana behind his house.
Thereafter, officers consulted the Clerk of Court's Office to determine exactly which portion of the area belonged to defendant and to learn the names of the owners of the property adjacent to defendant's property. One of the adjoining owners was the mayor of Cullen, Louisiana. The mayor gave the officers permission to enter his property. After determining which land they could lawfully enter, the officers proceeded to the area. From a certain point on the mayor's property, they could see what appeared to be marijuana plants growing on defendant's land. The closest plants were approximately one hundred feet away. In order to make sure that the plants were marijuana, the officers inspected them through a pair of field glasses.
Upon making a positive determination, the officers drove to the Webster Parish District Attorney's Office and requested that the District Attorney draw up an affidavit for a search warrant. After the affidavit was signed by the Judge, the officers proceeded to defendant's residence. When defendant was shown the search warrant and told that the officers were looking for marijuana plants, the defendant replied, "Well, you know where they are;" he then led the officers to the area where the plants were growing. Nine hundred and sixty-eight marijuana plants were seized from *189 defendant's property. The seized material filled a cattle truck thirty-two feet long and four and a half feet high.
Assignment of Error No. 1
By this assignment of error, the defendant contends that the trial court erred in overruling his motion to suppress the marijuana seized from his property. His basic argument is that the officers could not have seen the marijuana plants on his land unless they had entered upon his property. In essence, defendant argues that the trial judge erroneously believed the officers when they testified that they did not enter on defendant's land and that they definitely could see and identify the marijuana plants from their vantage point on the adjoining property. Assessing the credibility of witnesses is a matter in which the trial judge's discretion is broad, and it is a matter concerning which he is particularly well situated. State v. Collins, 328 So.2d 674 (La.1976). In this case, the trial judge chose to believe the testimony of the police officers; from the record, it does not appear that he abused his discretion.
With the consent of an adjoining property owner, the officers made their observations from a point outside the defendant's property. Those observations clearly gave them probable cause to believe that the defendant was growing marijuana on his property. The officers then obtained a search warrant before they entered the property of the defendant.
This assignment is without merit.
Assignment of Error No. 2
At the motion to suppress, Deputy Jimmy Batten testified as an expert witness as to the "street value" of the marijuana seized in this case. No prejudice whatsoever was caused by this testimony, which was before the court solely on a motion to suppress. The competence of an expert witness is a question of fact to be determined by the trial judge. State v. Gomez, 319 So.2d 424 (La.1975).
Accordingly the assignment has no merit.
Assignment of Error No. 3
By this assignment of error, the defendant contends that the trial judge imposed an excessive sentence.
Defendant was sentenced to a term of three years at hard labor and a fine of five thousand dollars or in default thereof, an additional year at hard labor.
From the record, the trial court adequately considered the guidelines set forth in La.C.Cr.P. Art. 894.1. Our review should therefore focus on whether the trial court's large discretion in sentencing has been abused. State v. Spencer, 374 So.2d 1195 (La.1977).
As a general rule, a sentence is excessive "if it is grossly out of proportion to the severity of the crime or if it is nothing more than the purposeless and needless imposition of pain and suffering." State v. Bonanno, 384 So.2d 355, 357 (La. 1980). From the large amount of marijuana seized and from other evidence, the trial judge concluded that the defendant was in the business of supplying marijuana. Accordingly, he sentenced the defendant to three years in prison and a $5,000 fine out of a possible ten year sentence and $50,000 fine. La.R.S. 40:967 B(2). The trial court has definitely not abused its great discretion in sentencing. Accordingly, this assignment of error has no merit.
The motion to suppress was properly denied and the conviction and sentence of the defendant are affirmed.
AFFIRMED.
PER CURIAM.
The original opinion contains a typographical error; the correct maximum fine for Schedule II, LSA-R.S. 40:967 B(2) is $15,000. The application for rehearing[1] is granted to make this correction; otherwise it is denied.
NOTES
[*] Judges Nestor L. Currault, Jr., and Fred S. Bowes of the Twenty-Fourth Judicial District Court and Edward A. Dufresne, Jr. of the Twenty-Ninth Judicial District Court participated in this decision as Associate Justices pro tempore, joined by Chief Justice John A. Dixon, Jr., and Associate Justices Walter F. Marcus, Jr., Fred A. Blanche, Jr., and Jack Crozier Watson.
[1] The court notes that in connection with the application for rehearing, the photographs and plats introduced into evidence have been reviewed.