428 So.2d 988 (1983)
STATE of Louisiana
v.
Kirt D. MATHEWS.
No. 82 KA 0725.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
*989 Bernard E. Boudreaux, Jr. Dist. Atty., Edward M. Leonard, Jr., Asst. Dist. Atty., Franklin, for appellee.
Robert P. Fuhrer, Chief Indigent Defender, Franklin, for appellant.
Before EDWARDS, WATKINS and SHORTESS, JJ.
WATKINS, Judge.
Defendant, Kirt D. Mathews, was indicted by grand jury for the second degree murder of his estranged wife, Pauline Ireland Mathews, on December 11, 1980, in violation of LSA-R.S. 14:30.1. After trial by jury, the defendant was convicted of manslaughter under LSA-R.S. 14:31 and was sentenced to serve 21 years at hard labor, the maximum penalty. The defendant appeals the sentence. We affirm.

FACTS
The defendant and Pauline Ireland Mathews, the victim, were married in May, 1977. Two children were born of the marriage. The defendant and the victim had been separated for approximately six months at the time of her death, and she and the two children were living with Evelyn Ireland, the mother of the victim. The testimony indicates that during the months of estrangement, the victim began to date a man named Harry Smith. A great deal of animosity developed between the defendant and Mr. Smith. According to the defendant's testimony, he (the defendant) purchased and began to carry a handgun after Mr. Smith threatened him with physical violence.
On the night of the shooting the defendant's estranged wife called the defendant and left a message asking him to meet her. The defendant went to his mother-in-law's house where he observed his estranged wife talking to Mr. Smith. The defendant pulled his gun from the holster, pointed it at Mr. Smith and called out Mr. Smith's name. The defendant's estranged wife grabbed the defendant's arm, and possibly prevented another shooting. Mr. Smith fled, and afterwards the couple argued over the incident. The victim got into her car. According to the defendant's testimony she said she was going to meet Mr. Smith at a motel. It was then that the defendant shot her. The victim died from one or three shots to the head, fired at close range. The defendant was convicted of manslaughter and given the maximum penalty of 21 years at hard labor, as stated.

ASSIGNMENTS OF ERROR
As Assignment of Error No. 1, the defendant urges that the trial judge erred in imposing an excessive sentence in violation of Article 1, Section 20 of the 1974 Louisiana Constitution. As Assignment of Error No. 2, the defendant urges that the trial judge failed to comply with LSA-C.Cr.P. art. 894.1(C) in that he did not adequately state the factual basis for the imposition of the statutorily maximum sentence.

ASSIGNMENT OF ERROR NO. 1
Louisiana Constitution Article 1, Section 20, prohibits the imposition by law of excessive punishment. In State v. Sepulvado, 367 So.2d 762 (La.1979), the Louisiana Supreme Court held that a sentence within the statutory limits may still violate a defendant's constitutional right against excessive *990 punishment. Therefore, we must examine the facts of the case at hand in light of the applicable law to determine whether the sentence was appropriate, although it was within the limits prescribed by law.
The sentencing criteria in LSA-C.Cr.P. art. 894.1 provide the appropriate criteria by which to measure whether a sentence within statutory limits is nevertheless excessive, either by reason of its length or because it specifies confinement rather than less onerous sentencing alternatives. State v. Sepulvado, supra, at 769. LSA-C.Cr.P. art. 894.1 states three general conditions under which a court should impose a prison sentence, namely: undue risk that the defendant will commit another crime; the defendant is in need of correctional services provided by the institution; or a lesser sentence would deprecate the seriousness of the crime.
The criteria set forth in LSA-C. Cr.P. 894.1 indicate to us that the conditions justifying an imposition of the maximum sentence are met by the facts of the present case. An undue risk exists that the defendant will commit another crime. The defendant's criminal record reveals that approximately five months before he killed his estranged wife he was found guilty of battery as well as resisting an officer with force. The testimony indicates he beat his wife, and on one occasion he beat her so brutally that she required hospitalization. Shortly before he shot his former wife, the defendant pointed his gun at Harry Smith, clearly evidencing a desire to harm Mr. Smith as well.
Further, a lesser sentence would certainly deprecate the seriousness of this crime. Suffice it to say that the defendant has taken the life of another human being. We know of no crime more serious.
"Maximum sentences are appropriately imposed in cases involving the most serious violations of the described offense, and for the worst kind of offender." State v. Jones, 398 So.2d 1049 (La.1981), p. 1053. State v. Jones involved a maximum sentence imposed for two charges of marijuana sales of $12.00 each. Pursuant to a plea bargain the defendant pleaded guilty to one charge, reduced to an attempt. Although in State v. Jones, the Louisiana Supreme Court did not find circumstances warranting imposition of the maximum sentence, the facts in the case at hand do involve the most serious violation of the offense of manslaughter, and consequently the trial judge's imposition of the maximum sentence is justified. LSA-R.S. 14:31(1), the statute under which the defendant was convicted, defines manslaughter as:
"(1) A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection."
In our view the nature and extremity of the defendant's action was grossly disproportionate to and unwarranted by the alleged provocation; the alleged provocation was insufficient to warrant any physical retaliation, for that matter, especially in light of the following facts. The defendant and the victim had been separated for more than six months. She and the children were living with her mother. The defendant knew she was dating Mr. Smith, and had known for some time. In fact, according to the defendant's own testimony, Mr. Smith confronted the defendant months before the shooting and informed him emphatically that he and the victim were involved in a sexual relationship. In other words, the defendant was not suddenly confronted by the fact immediately prior to the killing.
The night of the killing, when the defendant confronted the victim and Mr. Smith, they were fully clothed and merely talking. The defendant did not find them in a compromising position.
The defendant unquestionably had the intent to kill. He walked over to his estranged wife's car and shot her three times in the head, at close range. On at least one *991 previous occasion he had caused her bodily harm by battering her. We can conceive of no violation of LSA-R.S. 14:31 that could be more serious and still fit within the definition of manslaughter.
Therefore, we find the sentence is within the range of sentences specified for the offense and is not clearly excessive.

ASSIGNMENT OF ERROR NO. 2
LSA-C.Cr.P. 894.1(C) requires the trial judge to state for the record the considerations taken into account and the factual basis therefor in imposing sentence. This article does not require the trial judge to set forth for the record all factors listed in this article which were accorded weight by him in determining to impose a sentence of imprisonment rather than to grant a suspension of sentence or probation. State v. Jacobs, 383 So.2d 342 (La.1980). In State v. Douglas, 389 So.2d 1263 (La.1980), the Louisiana Supreme Court found the trial judge adequately complied with sentencing guidelines in imposing the sentence, although he did not enumerate each factor listed in this article. There, the trial judge stated he based his very lengthy sentence on the defendant's prior criminal history and the violent manner in which the defendant perpetrated the offense.
In the case at hand the trial judge did state for the record why the sentence was imposed. He was not required to particularize his reasons for imposing the maximum sentence by discussing all the factors to be considered as set forth in the sentencing statute. The reasons given by the trial judge were much the same reasons we considered in finding the sentence not to be clearly excessive. The trial judge stated that from the evidence, he had reached the conclusion that if a suspended sentence or probation were given, an undue risk existed that during that period the defendant would commit other crimes. He also stated that he found the defendant was in need of correctional treatment or a custodial environment that can be provided most effectively by defendant's commitment to an institution. He then stated that a lesser sentence would deprecate the seriousness of the defendant's crime. The trial judge stated another reason for the sentence was that the defendant's prior record is a record of violence. He declared that a maximum sentence was warranted in this case because the crime the defendant committed was an extremely serious one, and, furthermore, the defendant attempted to kill someone else before he did kill his former wife.
Therefore, we find the trial judge sufficiently articulated his reasons for the imposition of the sentence.
AFFIRMED.