CRAIN, Judge.
Defendant, Ameal Brown, was charged by a bill of information with attempted aggravated rape in violation of LSA-R.S. *346 14:27 and R.S. 14:42. A jury found the defendant guilty as charged and he was sentenced to twelve years at hard labor. Defendant now appeals the conviction alleging four assignments of error.

ASSIGNMENT OF ERROR NO. 1:

Defendant contends that it was error for the trial court to refuse to sustain his challenge for cause of the prospective juror, Mr. Balcom. Defendant challenged Mr. Balcom peremptorily and later exhausted his peremptory challenges.
Trial courts are vested with broad discretion in ruling on challenges for cause. State v. Eastin, 419 So.2d 933 (La.1982). A review of the transcript shows that Mr. Balcom testified that the incident with his wife would not affect his ability to be impartial, and that he mentioned it only to assure that the court was aware of the fact. Under these circumstances, a conclusion by the trial judge that the prospective juror could be impartial was not an abuse of his discretion. There is no merit to this assignment of error.

ASSIGNMENT OF ERROR NO. 2:

The defendant urges that after he had exhausted all his peremptory challenges the trial court erred in refusing to sustain defense counsel’s challenge for cause of the prospective juror, Mr. Beard. Mr. Beard was the brother of the deputy sheriff who served as a guard for the jury while it was out of the presence of the court during the defendant's trial on the merits.
A criminal juror’s association with law enforcement duties must be closely scrutinized by the court. State v. Chapman, 410 So.2d 689 (La.1981). However, even where the prospective juror was a sister-in-law to a police officer who would testify in the case, this was not sufficient to support a ruling that the juror could not serve impartially. A further showing that the relationship would influence the juror in arriving at a verdict is necessary. Chapman, supra. The record here reflects that Mr. Beard testified his brother being in charge of the jury would not affect his ability to be impartial. Defense counsel elicited no information that the relationship would have any effect on the juror.
Consequently, we find no abuse of discretion on the part of the trial court in denying the defendant’s challenge for cause for prospective juror, Mr. Beard. There is no merit to this assignment of error.

ASSIGNMENT OF ERROR NO. 3:

The defendant complains that the trial court erred when it limited defense counsel’s cross examination of a witness for the state by sustaining the state’s objection to the line of questioning by defense counsel on the grounds of irrelevancy. However, the defendant does not show how the sustaining of the objection prejudiced the defendant nor does the defendant show the relevancy of the line of questioning to the instant case. La.R.S. 15:275, State v. Naas, 409 So.2d 535 (La.1981).
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 4:

The defendant complains that the jury’s verdict is based upon testimony of witnesses which was so inconsistent that it was insufficient to sustain a verdict of guilty.
We find that there is sufficient evidence in the record before us to support a finding that a reasonable trier of fact could find guilt beyond a reasonable doubt. The discrepancies in the testimony complained of by defendant are not critical. This assignment of error has no merit.
For the reasons assigned, the judgment of the trial court is affirmed.
AFFIRMED.