ALFORD, Judge.
Defendant, Rodney Leday, a/k/a Robert J. Leday, was charged by bill of information with armed robbery in violation of La.R.S. 14:64. He pled not guilty, was tried by a jury and was found guilty as charged. The trial court sentenced defendant to be committed tó the Department of Corrections for thirty years, without benefit of parole, probation or suspension of sentence. In the sole assignment of error briefed,[1] defendant urges that the sentence is excessive and that the trial court failed to enumerate its reasons for sentencing as required by La.C.Cr.P. art. 894.1.
In the early morning hours of July 7, 1982, John W. Broadnax, an employee of Gas World in Patterson, Louisiana, was closing up his gasoline station. After he had locked the doors and activated the alarm system, Broadnax turned to go to his car when he was hit over the head with an unknown weapon and robbed of a duffle bag carrying over three hundred dollars of the business’ money. Although the blow stunned him and knocked him to his knees, he did see a tall, slender, bushy-headed black man with a yellowish-looking shirt run to a car parked nearby, start the car and drive off. Broadnax returned to the store and set off the alarm system. Because the alarm was connected to the police station, the police responded quickly and an officer on routine patrol was notified of the robbery.
Almost immediately thereafter, the police officer spotted a car stopped near the shopping center where Gas World is located. Although the car had only one individual in it, soon thereafter another man appeared and jumped in. The car then took off. The officer testified that the two men kept looking back and watching to see if they were being followed. The officer followed the car for awhile and finally pulled it over. He advised them of the robbery, told them he was suspicious of their activity, and asked them if they would go back to Gas World with him to see if the attendant could identify them. They complied with the request. Although the employee had not seen the assailant’s face, he was able to make a positive identification of defendant from the shirt he was wearing. After the two men were arrested, a warrant was obtained to search the car and the duffle bag was found therein. As noted above, the defendant was tried and convicted of armed robbery. Later, the defendant was sentenced to 30 years in prison without benefit of parole, probation or suspension of sentence. The sole issue on appeal is the excessiveness, vel non, of defendant’s sentence.
Excessive sentences are prohibited under the provisions of Article 1, section 20, of the Louisiana Constitution of 1974. An excessive sentence has been defined as one which is grossly out of proportion to the severity of the crime, or if it is nothing more than purposeless and needless imposi *669 tion of pain and suffering. State v. Parkerson, 415 So.2d 187 (La.1982).
In determining whether a penalty is grossly disproportionate to the crime committed, the reviewing court should consider the punishment and the crime in light of the harm caused to society and determine whether the penalty is so disproportionate as to shock the sense of justice. State v. Reed, 409 So.2d 266 (La.1982).
The trial court has wide discretion in the imposition of a sentence within statutory limits, and a sentence imposed should not be set aside as excessive in the absence of a manifest abuse of discretion. However, a sentence may be excessive and still be within the statutory limits. State v. Willis, 420 So.2d 962 (La.1982).
Defendant also contends that the trial court failed to comply with part C. of La.C.Cr.P. art. 894.1 which mandates that the trial court state for the record the considerations taken into account and the factual basis therefor in imposing sentence. It is clear that the trial court need not articulate every aggravating and mitigating circumstance; but, the record must reflect that he adequately considered the guidelines enunciated in La.C.Cr.P. art. 894.1. State v. Grey, 408 So.2d 1239 (La.1982); State v. Mathews, 428 So.2d 988 (La.App. 1st Cir.1983).
From our review of the sentencing hearing, we find that the trial court adequately complied with art. 894.1. He stated that he had considered the sentencing guidelines in the article and found that: (1) there is an undue risk that during any period of suspended sentence or probation the defendant would commit another crime; (2) the defendant is in need of correctional treatment or a custodial environment; and (3) a lesser sentence would deprecate the seriousness of the crime committed.
Under the penalty provisions of La.R.S. 14:64, the defendant could have received as much as 99 years. Thus, appellant’s sentence of 30 years is less than one-third of the maximum statutory penalty for armed robbery. We also note that the gas station attendant was struck a deliberate, planned and vicious blow to the back of his head, requiring approximately 20 stitches. This blow to a very fragile and crucial area of the body exhibited a total unconcern on the part of the defendant for the life of Broad-nax. Defendant’s conduct demonstrated an attempt to do serious harm to the victim and there is nothing in the record to suggest defendant would not engage in this type of activity again should he be given a suspended sentence. Out of the eleven factors in La.C.Cr.P. art. 894.1 B. which might weigh in defendant’s favor, appellant only qualifies for one: the record does not reflect that defendant has had any prior criminal activity. Although we realize this one factor may be enough to suggest a less lengthy or suspended sentence in some cases, it does not raise in our minds such a suggestion given the facts in the record in this particular case. The character of the crime in this case demonstrates that the defendant may be on the road to a lifetime of habitual criminal activity. Correctional treatment may hopefully show defendant the need to improve. Finally, and less ideally, we think the total unconcern for the life of Broadnax completely supports the sentence in this case and we therefore reject this assignment of error.
Having found no merit in the single assignment of error briefed, we affirm the defendant’s conviction and sentence.
AFFIRMED.

. In his brief, the defendant’s attorney noted that the arguments contained in assignments of error numbers 1-4 were meritless and he would not pursue them. Because defendant has abandoned these assignments by not briefing them, this court will not give them consideration on appeal. Uniform Rules Courts of Appeal 2-12.4; State v. Trevathan, 432 So.2d 355 (La.App. 1st Cir.1983).