EDWARDS, Judge.
Defendant, Carnell C. Morris, was charged by bill of information with three counts of armed robbery in violation of R.S. 14:64. The same bill of information also charged Alfred A. Edwards with the same crimes. Morris pled not guilty while Edwards entered a guilty plea and was sentenced to 14 years at hard labor on each count of armed robbery, with each term to be served concurrently.
After trial, Morris was found guilty of simple robbery on counts 1 and 2, and not guilty on count 3. Morris received a sentence of seven years at hard labor on each count, with the sentences to run consecutively. Defendant Morris now appeals this sentence, alleging as his sole assignment of error that the trial judge imposed an excessive sentence.[1] We affirm.
BACKGROUND FACTS
Morris and Edwards drove up and parked by the gasoline tanks of a 7-Eleven store in Baton Rouge, Louisiana. Both men entered the store with Morris going to the front counter and Edwards to the rear area. Morris purchased a pack of cigarettes and when the store clerk opened the cash register drawer, grabbed the money lying therein and ran out to the car. During this action, Edwards was robbing a customer and another clerk at gunpoint in the rear of the store. After Morris exited, Edwards came to the front counter, grabbed two cartons of cigarettes and ran out the store to join Morris. Both men were subsequently apprehended after a high speed auto chase and identified by a store clerk as the robbers.
EXCESSIVE SENTENCE
Generally, a sentence is excessive when it is nothing more than a purposeless and needless imposition of pain and suffering that is grossly out of proportion to the severity of the offense. In determining whether a sentence is grossly disproportionate to the severity of the crime, this court must consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the' punishment is so disproportionate to the crime as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980).
A sentence imposed upon a defendant may be within the statutory limits, yet still constitute an excessive sentence. State v. Sepulvado, 367 So.2d 762 (La.1979). The guidelines provided in La.C. Crim.P. art. 894.1 furnish the appropriate criteria by which to review whether a sentence within statutory limits is nonetheless excessive, either because of its length or its specification of confinement rather than less onerous alternatives. State v. Sepulvado, supra. Subsection B of La.C. Crim.P. art. 894.1 requires the sentencing court to consider any mitigating factors, as well as circumstances militating for incarceration. However, art. 894.1 does not require the trial judge to set forth all the factors listed therein to which he accorded weight. State v. Mathews, 428 So.2d 988 *691 (La.App. 1st Cir.1983). All that is necessary in the imposition of sentence is that the trial judge provide an adequate basis for appellate review showing that all relevant factors have been considered. State v. Easley, 432 So.2d 910 (La.App. 1st Cir.1983).
Defendant Morris complains that in imposing sentence, the trial judge ignored certain mitigating factors, specifically appellant’s secondary role in the robbery and his sincere belief that Edwards was not armed. Additionally, appellant contends that the trial judge did not articulate sufficient reasons for the imposition of consecutive sentences, which require particular justification when imposed for crimes arising from a single course of conduct. State v. Messer, 408 So.2d 1354 (La.1982).
However, the record before us on appeal contains the transcript of appellant’s sentencing hearing and reveals that the trial judge became aware of these alleged mitigating factors through a statement made in defendant’s behalf by his counsel. Additionally, in explicating the basis for his sentences, the trial judge noted that appellant was a second felony offender, and, after listing defendant’s extensive past criminal record, stated that “the court considers the defendant to be a continuing threat to society.” Such factors sufficiently provide the special justification required for the imposition of consecutive rather than concurrent sentences. State v. Messer, supra. Accordingly, we find that the trial court has adequately contemplated and complied with the statutory guidelines for sentencing contained in La.C.Crim.P. art. 894.1.
DECREE
For the above-expressed reasons, we find defendant’s assignment of error without merit and affirm the sentence imposed.
SENTENCE AFFIRMED.

. Defendant Edwards abandoned his appeal by a motion and order signed by this Court.