448 So.2d 129 (1984)
STATE of Louisiana
v.
Jerry SAVOIE.
No. 83 KA 0598.
Court of Appeal of Louisiana, First Circuit.
February 28, 1984.
Writ Denied April 23, 1984.
*131 Stephen E. Caillouet, Thibodaux, Asst. Dist. Atty., for plaintiff, State of La.
Larry P. Boudreaux, Thibodaux, for defendant, Jerry Savoie.
Before LOTTINGER, PONDER and CARTER, JJ.
CARTER, Judge.
Defendant, Jerry Savoie, was charged by grand jury indictment with attempted first *132 degree murder, which charge was amended by the district attorney to attempted second degree murder in violation of LSA-R.S. 14:30.1 and 14:27. Defendant was tried by a twelve-person jury and was found guilty of attempted second degree murder. Defendant was sentenced to 35 years at hard labor, the first five years to be served without probation, parole or suspension of sentence; and, further, as a condition of any future parole or probation, "the defendant is to make restitution to the victim herein in an amount to be determined by the court." Defendant now appeals his conviction and sentence alleging twelve assignments of error.

FACTS
Defendant owns a bar. While at work on Friday, January 29, 1982, at about 9:00 or 9:30 p.m., a black friend staggered into defendant's bar. The friend, Charles Duncan, was bleeding and badly beaten up. Duncan told defendant that he had been in a fight at another bar with a Mr. Neil Johnson. Duncan then asked defendant to help him find Johnson. At this point, defendant, Duncan and another friend, Mr. Easton Dennis, decided to look for Johnson at C.J. Friendly's Lounge where the fight was supposed to have taken place. Defendant armed himself with a gun and gave a .44 magnum shotgun to Easton Dennis. Without defendant's knowledge, Duncan took defendant's sawed-off shotgun and hid it in his pant leg. When the three men arrived at Friendly's Lounge, Dennis remained on guard outside in the parking lot. Duncan entered the lounge alone while defendant waited outside the building for him to return. When Duncan did not return, defendant decided to go inside. When defendant entered the lounge Duncan was standing near Jerry Thomassie, a bar patron. At this point, the gun fell out of Duncan's pant leg and Duncan fell to the floor. Thomassie then picked up the shotgun, unloaded it, and laid it on the bar. The defendant approached Thomassie, placed his handgun below Thomassie's left ear, then against his neck, and then shot Thomassie in the face. In the ensuing confusion, defendant was hit from behind with a beer bottle and was shot in the hand.

ASSIGNMENTS OF ERROR
1. The trial court committed reversible error in refusing to grant defendant's Motion To Recuse the Honorable Wollen J. Falgout, Judge.
2. The trial court committed reversible error in allowing the statement of defendant's son to be used for impeachment purposes.
3. The trial court committed reversible error in preventing defense counsel from questioning the interrogating police office with respect to relevant evidence on cross examination.
4. The trial court committed reversible error by admitting into evidence a copy of the statement of defendant's son.
5. The trial court committed reversible error in preventing defendant counsel from questioning an eye witness regarding his previous conviction.
6. Defendant was denied a fair trial when the district attorney, in closing arguments, made statements that were improper and not a fair comment on the evidence, and inflammatory and prejudicial to defendant.
7. Defendant was deprived of a fair trial when the district attorney during closing arguments commented upon the Hinckley case, such comments being inflammatory and prejudicial to defendant.
8. The trial court erred in accepting the verdict of the jury which is contrary to the law and evidence inasmuch as the prosecution failed to prove that the actions of defendant were intentional.
9. The trial court committed reversible error in failing to grant defendant's motion for new trial.
10. The trial court committed reversible error in failing to grant defendant's motion for a sentencing hearing.
11. The trial court committed reversible error in accepting a verdict of the jury which is contrary to the law and *133 evidence, considering the testimony and proceedings of the trial as a whole.
12. The sentence received by defendant is excessive and constitutes an abuse of discretion.
Defendant in brief has combined arguments on assignments of error 2 and 4, on assignments of error 6 and 7, on assignments of error 8, 9 and 11, and on assignments of error 10 and 12. We shall do likewise.

ASSIGNMENT OF ERROR NO. 1
Defendant contends that the trial court committed reversible error when it denied defendant's motion to recuse the trial judge. In his motion to recuse, defendant asserts that he and the trial judge had had a prior confrontation at which time defendant had "cussed out" the judge. Another specific ground for the complaint is the trial judge's comment at a pretrial plea bargaining session. When asked by defendant's counsel what would happen if defendant were convicted by a jury, the judge replied that defendant would "never see the bayous again." Defendant contends that the above statement is evidence of the judge's predetermination of defendant's guilt.
The key factor in determining a motion for recusal of a trial judge, in the absence of more specific grounds, is whether the trial judge is able to conduct a fair and impartial trial. State v. Patterson, 432 So.2d 1021 (La.App. 1st Cir.1983). The denial of a motion to recuse a trial judge on the grounds that he had taken part in a plea bargain and knew that, under certain circumstances, defendant was willing to plead guilty is not error, where all issues of fact pertaining to guilt or innocence are tried by a jury. State v. Austin, 258 La. 273, 246 So.2d 12 (La.1971).
The record reveals that, at the recusal hearing, the trial judge made it clear that he did not hold defendant's prior pugnacious actions against him. Further, the plea bargain session did not end in a plea bargain agreement; and all comments were made in the context of the discussion and in response to defense counsel's specific questions. Moreover, our review of the entire trial proceedings convinces us that the trial judge did in fact conduct defendant's trial in a fair and impartial way. Defendant's allegations of bias are merely conclusive on his part as the record is replete with evidence to the contrary.
This assignment of error has no merit.

ASSIGNMENTS OF ERROR NOS. 2 and 4
Defendant complains that the trial court erred when it allowed a pre-trial statement made by defendant's son, Jerry Savoie, Jr., to be used for impeachment purposes and when it allowed a copy of the statement itself to be introduced into evidence.
The party seeking to use the statement must first comply strictly with the requirements of LSA-R.S. 15:493 to avoid surprise and allow the witness to explain the inconsistency. State v. West, 437 So.2d 256 (La.1983). The rationale for such a strict foundation is to obviate surprise and to let the witness either deny or explain the inconsistency. State v. Heard, 408 So.2d 1247 (La.1982).
The record reveals that the state, in laying a foundation for the impeachment of the witness by the use of a prior inconsistent statement, asked the witness if he had made the statement and to describe the circumstances surrounding the taking of the statement. The witness confirmed that he had made the statement and had signed the written statement as taken down by Deputy Authement. Under cross examination, the witness admitted that the contents of the statement were true. We find that the state strictly complied with the requirements of LSA-R.S. 15:493 in laying a proper foundation to impeach the witness.
Defendant further argues that the trial court erred in allowing the state to introduce a copy of the statement.
In State v. Mosely, 360 So.2d 844 (La. 1978), the court stated the following at page 846:

*134 "Proof that the prior inconsistent statement was made can be used for impeachment purposes only, not to show the truth of its content. If a witness distinctly admits having made a prior inconsistent statement, his credibility has been effectively impeached. At this point, the permitted reason for the use of the prior inconsistent statement (impeachment) has been accomplished. Thereafter, proof that the statement was made would not be for impeachment purposes, but rather to show the truth of its content, which is not permissible. Accordingly, if a witness distinctly admits having made a prior inconsistent statement, evidence that the statement was made is inadmissible." (Citations omitted)
Even though a prior inconsistent statement may be incorrectly admitted into evidence, the error is not necessarily reversible. State v. Heard, supra.
In the case sub judice, the witness admitted to having made the prior inconsistent statements. The trial judge should not have permitted the written statement to be introduced into evidence. However, in view of the strong evidence presented by the state, we are of the opinion that the improper admission of the statement did not contribute in any significant way to the defendant's conviction.
Defendant further reasons that the witness's statement should have been excluded for any purpose because it was taken by police under threats and duress. See State v. Coleman, 390 So.2d 865 (La.1980). There, however, is no substantiation of this charge in the record. Deputy Authement testified that the witness was calm, sober and in good condition at the time he gave the statement. Deputy Authement further testified that neither he nor any other police officer threatened the witness with any criminal charges nor did he insist the witness give the statement at that time.
We find no reversible error in either of the two assignments briefed.

ASSIGNMENT OF ERROR NO. 3
The defense complains that the trial court erred when it limited defense counsel's questioning of Deputy Authement concerning all statements taken by him on the evening defendant was arrested and Jerry Savoie, Jr. was questioned.
LSA-R.S. 15:275 vests the trial judge with "a sound discretion to stop the prolonged, unnecessary and irrelevant examination of a witness." Therefore, a conviction will not be reversed due to the trial judge's control of the examination of a witness unless an abuse of discretion is shown. State v. Chapman, 410 So.2d 689 (La.1981). Nor will a conviction be overturned where defendant does not show that he was prejudiced through a limitation of the cross-examination of a witness. State v. Brown, 432 So.2d 345 (La.App. 1st Cir. 1983).
In the instant case, defendant has neither alleged nor proven prejudice as a result of the trial court's action. We find no abuse of discretion on the part of the trial court.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 5
Defendant contends that the trial judge erred in limiting defense counsel's questioning on cross-examination of Mr. Lee Domangue. When defense counsel questioned Mr. Domangue as to whether he had served more than eighteen months on a theft conviction, the state objected. The court sustained the state's objection, to which defendant objected.
The rule allowing cross-examination of a witness as to past convictions must be narrowly rather than broadly construed; the trial court has the duty of restricting an inquiry into the details of a past conviction within reasonable bounds. State v. Oliver, 387 So.2d 1154 (La.1980).
According to the record, the defense counsel elicited testimony from Mr. Domangue concerning a prior conviction *135 sufficient for the purpose of impeaching the credibility of Mr. Domangue as a witness. Any further questioning concerning the conviction was irrelevant and repetitious. We find no error on the part of the trial judge.
There is no merit in this assignment of error.

ASSIGNMENTS OF ERROR NOS. 6 and 7
Defendant complains in closing argument that the prosecutor made statements which were improper, inflammatory and prejudicial to defendant, citing two separate statements. First, during state's closing argument, the prosecutor referred to defendant as a "mean manhe is a violent man. He is an uncontrollable man and he has very little respect for human life." Second, during rebuttal on closing argument, the prosecutor compared defendant's motive to the motive of John Hinckley, the man who shot President Reagan.
The scope of the closing argument is limited to the evidence admitted, the lack of evidence, conclusions of fact drawn therefrom, and the law applicable to the case. LSA-C.Cr.P. art. 774. If oral argument goes beyond these limits, it may fall within the ambit of LSA-C.Cr.P. arts. 770 and 771. When such remarks are made in the presence of the jury, either a mistrial or an admonition may be proper. LSA-C. Cr.P. arts. 770, 771. But, before a verdict would be overturned on the basis of improper arguments, the court must be thoroughly convinced that the comment influenced the jury and contributed to the verdict. State v. Montgomery, 432 So.2d 340 (La.App. 1st Cir.1983).
The trial judge instructed the jurors thoroughly prior to their retiring to deliberate. Both the trial judge and counsel for the state stressed that the opening and closing arguments were not to be considered as evidence for or against the defendant. The trial judge emphasized the standard to be used in formulating a verdict in a criminal case and included the elements of the responsive crimes in his charge to the jury. We see no evidence in the record that the comments complained of unduly influenced the jury or contributed to the verdict.
There is no merit to these assignments of error.

ASSIGNMENTS OF ERROR NOS. 8, 9 and 11
In alleging these assignments of error, defendant initially contends that the trial court committed reversible error in failing to grant defendant's motion for a new trial. This assignment of error is made pursuant to LSA-C.Cr.P. art. 851(5). Clearly, where the defendant's motion for a new trial is based on LSA-C.Cr.P. art. 851(5), the granting or denial of a new trial is not subject to review by the appellate courts. State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983).
The defendant further argues that the verdict is contrary to law and evidence inasmuch as the state failed to prove intent and that the verdict is contrary to law and evidence considering the testimony and proceedings as a whole. These assignments are made pursuant to LSA-C.Cr.P. art. 851(1). The court's review of a trial court's denial of a motion for new trial based on the assertion that the verdict is contrary to the law and the evidence [LSA-C.Cr.P. art. 851(1)] is limited to the question of whether the trial judge has properly exercised his wide discretion. State v. Caminita, 411 So.2d 13 (La.1982) cert. denied at 459 U.S. 976, 103 S.Ct. 314, 74 L.Ed.2d 291.
Defendant argues that the state failed to prove specific intent. Specific intent is a state of mind and need not be proved as fact. It may be inferred from the circumstances of the transaction and the actions of the defendant. LSA-R.S. 15:445, State v. Graham, 420 So.2d 1126 (La.1982).
Testimony adduced at trial from the eye witnesses to the crime reveal that defendant was armed when he entered the bar where the instant shooting occurred. Defendant's companions were also armed. Defendant's son, the victim and *136 another eye witness testified that defendant pointed his handgun at the victim's face and neck, pressing closely, then shot the victim in the face. Based on our review of the record, we find no abuse of discretion on the part of the trial judge in denying defendant's motion for new trial based on the fact that the verdict is contrary to the law and the evidence.
Moreover, viewing the entire record of evidence received at trial in the light most favorable to the prosecution, we find that any rational trier of fact could find that the state had proved every element of the crime for which defendant was found guilty. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Further, the circumstantial evidence presented at trial excludes every reasonable hypothesis that defendant was innocent of an attempt to kill or inflict great bodily harm on the victim. LSA-R.S. 15:438.
These assignments of error have no merit.

ASSIGNMENTS OF ERROR NOS. 10 and 12
Defendant contends that he received an excessive sentence. Defendant also contends that the trial court committed reversible error when it denied defendant's motion for a sentencing hearing, arguing that the defendant should be allowed to present evidence to aid the trial judge in determining a sentence under the guidelines of LSA-C.Cr.P. art. 894.1.
In State v. Bosworth, 360 So.2d 173 (La. 1978), the Louisiana Supreme Court held that a defendant is entitled to access to the presentence investigation report before sentence is imposed where defendant believes prejudicial or materially false information is contained therein. In addition, defendant is entitled to an opportunity to deny or explain prejudicial misinformation otherwise secret to the sentencing judge. However, where defendant is given an opportunity to deny or explain adverse information, no full-scale evidentiary hearing is required at a sentencing hearing.
According to the record before us, the trial judge ordered a presentence investigation report on the defendant. This report was given to defendant's counsel who in turn allowed defendant access to the report. The trial judge held a hearing to give defendant the opportunity to deny or explain any adverse information or facts contained in defendant's presentence investigation report. Moreover, defendant and his counsel testified that they were satisfied there were no prejudicial remarks or errors in the report, except one which defendant had previously called the court's attention to and of which the court was aware. We find that the trial judge rightly denied defendant's motion for a full-scale evidentiary sentencing hearing.
The penalty provisions of LSA-R.S. 14:30.1 and LSA-R.S. 14:27, attempted second degree murder, provide for a possible maximum penalty of fifty years at hard labor. Defendant herein received a sentence of 35 years at hard labor, the first five years of the sentence to be served without probation, parole or suspension of sentence pursuant to LSA-C.Cr.P. art. 893.1.
Generally, a sentence is excessive if it is grossly out of proportion to the severity of the crime or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Parkerson, 415 So.2d 187 (La.1982). Prior criminal activity which the court may consider when sentencing defendant is not limited to convictions. State v. Marchese, 430 So.2d 1303 (La.App. 1st Cir.1983).
Our examination of the record reveals that the trial judge considered the guidelines of LSA-C.Cr.P. art. 894.1 when sentencing defendant; he also considered factors mitigating against incarceration and recommendations of the probation department together with defendant's presentence investigation report. Considering defendant's numerous encounters with the law over the last thirty years, together with the fact that evidence adduced at the trial was sufficient to find that a firearm was used in commission of the crime *137 charged, we find that the sentence is not excessive under the circumstances of this case.
There is no merit in assignments of error nos. 10 and 12.

PATENT ERROR
At the sentencing hearing, the trial judge ordered the defendant to pay restitution to the victim if and when the defendant was paroled. LSA-C.Cr.P. art. 895 authorizes restitution as a condition of probation only when the trial judge suspends the execution of sentence. Because there was no suspension of sentence, this portion of defendant's sentence is illegal, and we vacate that condition of defendant's sentence ordering restitution.
For the above reasons, the conviction is affirmed. Further, that portion of defendant's sentence requiring restitution is vacated, and the remainder of the sentence is affirmed.
CONVICTION AFFIRMED; SENTENCE VACATED in part, and AFFIRMED AS VACATED.