PER CURIAM.
On November 9, 1978, an Orleans Parish Grand Jury indicted defendant Ervin Dorsey for the crime of first degree murder, a violation of La.R.S. 14:30. On May 27-28, 1980, he was tried before a twelve-person jury and found guilty of second degree murder. La.R.S. 14:30.1. Thereafter, the trial court sentenced defendant to life imprisonment without benefit of probation, parole, or suspension of sentence. On appeal, defendant urges three assignments of error.[1]
We have reviewed defendant’s assignments of error and found them to be without merit. Our examination of the pleadings and proceedings in this case, however, indicates a defect in the sentencing below that will require remand of this case to the trial court. La.C.Cr.P. Art. 920(2).
On September 5, 1978, the date of the instant offense, the only sentence that could be imposed under the second degree murder statute was imprisonment at hard labor for life without eligibility “for parole, probation, or suspension of sentence for a period of forty years." [Emphasis supplied]. See, La.R.S. 14:30.1, as amended by Acts 1977, No. 121, § 1. Since the trial court did not allow for the possibility of defendant’s release on parole after forty years, the sentence imposed herein is illegal.
Accordingly, defendant’s conviction is affirmed, but his sentence is reversed and set aside. The case is remanded for resentenc-ing in accordance with the law.
LEMMON, J., concurs with reasons.

. Four additional assignments of error were not argued in brief and are therefore considered to have been abandoned. State v. Blanton, 325 So.2d 586 (La.1976).