412 So.2d 558 (1982)
STATE of Louisiana
v.
Ricky A. MERIWETHER.
No. 81-KA-1152.
Supreme Court of Louisiana.
April 5, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., L. K. Knapp, Dist. Atty., Terry Johnson, Eugene Bouquet, Asst. Dist. Attys., for plaintiff-appellee.
D. Michael Moore, Monroe, for defendant-appellant.
MARCUS, Justice.
Ricky A. Meriwether was charged by the grand jury in the same indictment with aggravated rape in violation of La.R.S. 14:42 and armed robbery in violation of La.R.S. 14:64. After trial by jury, defendant was found guilty as charged on both counts. Thereafter, he was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence for his conviction of aggravated rape and to imprisonment at hard labor for ninety-nine years without benefit of parole, probation, or suspension of sentence for his conviction of armed robbery. The court expressly directed that the sentences be served consecutively. On appeal, defendant *559 relies on five assignments of error for reversal of his convictions and sentences.[1]

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in excusing prospective jurors prior to the time he was noticed to appear for trial. He argues that this violated his right to be present at the calling and examination of the jury. La.Code Crim.P. art. 831(3).
According to the per curiam comment by the trial judge, his division and another division of court were scheduled to try jury cases for the week beginning February 9, 1981. By agreement between the other judge and himself, the venire reported at 9:00 a. m. to the other judge who handled the excusing of prospective jurors who were not qualified to serve or who were exempt from jury service. Thereafter, one-half of the venire was sent to his courtroom. Defendant was not given notice that jury excuses would be heard at 9 o'clock. Prior to trial, defendant objected to his failure to receive notice.
La.Code Crim.P. art. 783 provides that the court may excuse a member of the petit jury venire at any time prior to the time he is sworn as a juror to try a particular case. A defendant need not be present when the trial judge excuses prospective jurors before his case is called for trial. State v. Cass, 356 So.2d 936 (La.1977); State v. Sheppard, 350 So.2d 615 (La.1977); State v. Williams, 258 La. 801, 248 So.2d 295 (1971). A juror is not "called" or "examined" within the meaning of La.Code Crim.P. art. 831(3) until he is called for examination in the trial of that particular defendant. State v. Williams, supra. Hence, the trial judge did not err in excusing prospective jurors outside the presence of defendant prior to the calling of his case for trial.
Assignment of Error No. 1 is without merit.

ASSIGNMENTS OF ERROR NOS. 3 AND 5
Defendant contends the trial judge erred in not ordering the state to provide defendant with a copy of the victim's statement that contained evidence favorable to defendant and in not inspecting the entire statement for exculpatory evidence.
When the state called the victim to the stand, defendant objected on the ground that the state had in its possession a statement by the victim containing exculpatory evidence. Outside the presence of the jury, defense counsel moved that the victim not be permitted to testify until such time as the defense had an opportunity to examine her statement. He argued that during a previous visit to the district attorney's office, Mr. Johnson (assistant district attorney who was trying this case) had informed him that the statement contained "references to whether or not the victim was raped more than one time and whether or not there was penetration that had occurred on one or more of the attempts." Defendant had been indicted with another person (Spencer) for the rape of the victim. Thereupon, the trial judge asked defense counsel: "Is there any other point in that statement that you're concerned with?" Defense counsel replied in the negative. The judge repeated: "Just whether or not she was raped more than once and whether there was penetration, is that what we're talking about?" Defense counsel answered in the affirmative. The judge then made an in camera inspection of the statement. Mr. Johnson pointed out the portions of the statement containing the information. After reading the statement, the judge stated: "According to the statement, she said that she was raped twice; that both of them raped her." Defense counsel responded: "In other words, the information which Mr. Johnson gave me previously was incorrect, is that ...." Mr. Johnson interrupted and denied ever telling defense counsel otherwise. The trial judge denied defendant's motion.
*560 Statements made by witnesses, other than defendant, to the district attorney or agent of the state are not subject to discovery or inspection except as provided in arts. 717, 718, 721 and 722. La.Code Crim.P. art. 723. None of the exceptions are applicable here except possibly art. 718(1) which provides for production of statements favorable to the defendant and which are relevant to the issue of guilt or punishment. State v. Carthan, 377 So.2d 308 (La.1979). Where the defense gives the prosecution notice of exactly what favorable information it desires and if the subject matter of such request is material and relevant, the prosecutor must either furnish the information or submit the problem to the trial judge for an in camera examination. United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); La. Code Crim.P. art. 718.
In the instant case, defense counsel made a specific request for information in the victim's statement. The trial judge examined the statement and found that defense counsel's contention was not correct. The requested evidence was not exculpatory. Rather, it was inculpatory. Since the requested information was not favorable to defendant, the trial judge did not err in refusing to order the state to provide defendant with a copy of the victim's statement. Nor do we consider it necessary for an in camera inspection to go beyond the specific request posed by the defense. Hence, the trial judge did not err in denying defendant's motion not to permit the victim to testify.
Assignments of Error Nos. 3 and 5 are without merit.

ASSIGNMENT OF ERROR NO. 4
Defendant contends the trial judge erred in failing to order a mistrial on the ground that a false statement of a juror on voir dire prevented a fair trial.
On the morning of the third day of trial and after the victim had testified on the previous day, the trial judge informed defense counsel and assistant district attorney that a Ms. Mona R. Verrette, one of the jurors, had come to his chambers that morning and told him that she was acquainted with the victim although on voir dire she stated that she did not know her. When the jurors were questioned on voir dire regarding knowledge of the victim, the victim's married name, as it appeared in the indictment, was used. Since Ms. Verrette knew the victim only by her maiden name, she did not realize she knew her until she (the victim) was called to testify. The judge further informed both counsel that the juror told him that she had gone to school with the victim and saw her regularly at Randy's supermarket where the victim was employed and at Hardy's where the juror was employed. The judge additionally stated that he had questioned Ms. Verrette as to whether she had a fixed opinion as to the guilt or innocence of the accused and she replied that she did not. He also asked her "if she could decide the case, putting aside her acquaintanceship with the victim; decide the case strictly on the evidence that she hears in the courtroom and the law as I explain it to her at the end of the trial, and she replied that she could do that." There was no further discussion of the matter.
At the outset, we note that neither the portion of the record designated for appeal nor the minutes reflect that defendant objected or moved for a mistrial. La.Code Crim.P. art. 841 provides that an irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence. Hence, defendant waived his right to complain of the alleged error on appeal. In any event, the contention is without substance.
La.Code Crim.P. art. 775(6) provides that a mistrial may be ordered when false statements of a juror on voir dire prevent a fair trial. Disclosure during trial that a juror is acquainted with a witness, including the victim, does not ipso facto prevent a fair trial. State v. Langendorfer, 389 So.2d 1271 (La.1980); State v. Daniel, 378 So.2d 1361 (La.1979). The connection must be such that one must reasonably conclude that it would influence the juror in arriving at a verdict. State v. Daniel, supra.
*561 While Ms. Verrette inadvertently made a false statement during voir dire, there is no showing that the acquaintance between the victim and Ms. Verrette was such as would prevent defendant from receiving a fair trial. There is no reason to believe that merely because Ms. Verrette and the victim knew each other when they were in school and patronized the other's place of employment it would influence the juror in arriving at a verdict. Moreover, when questioned by the trial judge, Ms. Verrette indicated that she could put aside her acquaintance with the victim and decide the case strictly on the evidence and the law as explained to her by the judge. Under the circumstances, we are unable to say that the trial judge abused his discretion in failing to order a mistrial.
Assignment of Error No. 4 is without merit.

DECREE
For the reasons assigned, defendant's convictions and sentences are affirmed.
NOTES
[1] Assignment of Error No. 2 was neither briefed nor argued; therefore, we consider it to have been abandoned. State v. Blanton, 325 So.2d 586 (La.1976); State v. Carlisle, 315 So.2d 675 (La.1975).