613 So.2d 631 (1992)
STATE of Louisiana
v.
Robert T. YOUNG, Jr.
No. 91 KA 2105.
Court of Appeal of Louisiana, First Circuit.
December 23, 1992.
Rehearing Denied March 4, 1993.
*632 Washington Parish Dist. Atty., William J. Burris, Franklinton, William R. Campbell, Jr., New Orleans, for plaintiff-appellee State of La.
Darrell D. Cvitanovich, Baton Rouge, for defendant-appellant Robert T. Young, Jr.
Before EDWARDS, SHORTESS and WHIPPLE, JJ.
SHORTESS, Judge.
This appeal is the second taken by Robert T. Young, Jr. (defendant), from his 1986 conviction for second degree murder. LSA-R.S. 14:30.1. In defendant's first appeal, this court concluded the trial court erred in ruling, in response to defendant's Batson objections, that defendant failed to make a prima facie showing of purposeful discrimination in the selection of the petit jury in accordance with Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Because this court found no merit in defendant's other assignments of error, we conditionally affirmed his conviction and sentence but remanded the matter to the trial court for an evidentiary hearing "to allow the state an opportunity to provide racially neutral explanations for the actions taken in impaneling this jury." State v. Young, 551 So.2d 695, 700 (La.App. 1st Cir. 1989). After conducting an evidentiary hearing on March 6, 1991, the trial court ruled the State's explanations for the exercise of the peremptory challenges in question were racially neutral and overcame the Batson objection urged by defendant. Defendant has now appealed, arguing in his sole assignment of error the trial court erred in ruling the State provided sufficient racially neutral explanations for the peremptory challenges directed toward black prospective jurors.

FACTS[1]
The circumstances surrounding the State's exercise of peremptory challenges to exclude three black members of the jury venire were outlined by this court in defendant's first appeal, as follows:
During the instant proceeding, the state exercised six peremptory challenges, at least three of which were used to strike black potential jurors. In addition, other blacks were excused from the jury through challenges for cause. After the state had peremptorily challenged two of the black prospective jurors, Patricia Barnes and Roberta Sue Thomas, defendant claimed that the challenge of the two women, combined with the state's challenges during the voir dire of the first trial, showed a pattern of racial discrimination; accordingly, he moved the court to require the prosecution to state reasons for its peremptory challenges. The state argued that defendant failed to establish that the jurors were *633 stricken because of their race, but stated its readiness to provide the reasons for its challenges if necessary. The court denied defendant's motion, finding that no clear evidence had been presented that the state's exclusion of the jurors was discriminatory. Thereafter, a third black juror, Jerry Baker, was peremptorily excused by the state; defendant reurged his motion. The court noted that the state had peremptorily challenged one white prospective juror, as well as three black prospective jurors, and again found no recognizable pattern of discrimination.
State v. Young, 551 So.2d at 698-699 (footnote omitted).
At the March 6, 1991, remand hearing, Lewis V. Murray, III, the prosecutor at defendant's trial, denied the peremptory challenges against Patricia Barnes, Roberta Sue Thomas, and Jerry Baker were exercised for a discriminatory purpose. Additionally, in explaining his reasons for exercising these challenges, Murray testified his voir dire notes indicated he felt Barnes was "wishy washy" and "easily persuaded." With respect to Thomas, Murray's notes reflected his impression that she appeared disinterested, was not too bright, and was unresponsive. The following notations were made by Murray during voir dire regarding Baker: "explanation about drugs & self defense" and "has tickets pending." Murray explained that the first notation reflected his concern about a specific exchange between defense counsel and Baker, which occurred when defense counsel asked Baker if he would hold it against defendant if he had used drugs on the night of the offense. Baker's response was confusing and unresponsive as he unilaterally raised the possibility that the victim may also have been on drugs and that self-defense may have been involved. Murray was also concerned that the traffic tickets pending against Baker might influence him against the prosecution. According to Murray's testimony, these factors were the reasons for the peremptory challenges directed to Barnes, Thomas, and Baker.
In addition to Murray's testimony, the State introduced into evidence an affidavit executed by Murray upon the suggestion of the trial court, approximately three weeks after defendant's trial. The stated purpose of the affidavit was to explain the prosecutor's reasons for the six peremptory challenges exercised by the State, including the three in question. In this affidavit, Murray gave the following reasons for exercising challenges against the three potential black jurors: he felt Barnes could be persuaded easily and would not be able to make her own decision; Thomas appeared to be of limited education and intelligence; and Baker was challenged because of answers he gave under examination by defense counsel.

ASSIGNMENT OF ERROR
Defendant contends the trial court erred in finding the reasons offered by the State to be adequate, racially neutral explanations for the peremptory challenges the State exercised against three black prospective jurors. Defendant maintains the neutral reasons offered by the prosecutor are undermined by the record as a whole.
Once a defendant has established a prima facie showing of purposeful discrimination under Batson, the State has the burden of coming forward with a race-neutral explanation for the challenges in question. Batson v. Kentucky, 106 S.Ct. at 1723; State v. Thompson, 516 So.2d 349, 353 (La.1987), cert. denied, 488 U.S. 871, 109 S.Ct. 180, 102 L.Ed.2d 149 (1988). A neutral explanation is one which is based on some factor other than the race of the juror excused. Hernandez v. New York, ___ U.S. ____, 111 S.Ct. 1859, 1866, 114 L.Ed.2d 395 (1991). The prosecutor's explanation need not rise to the level required to justify the exercise of a challenge for cause and, furthermore, unless a discriminatory intent is inherent in the prosecutor's stated reasons, the explanation given should be deemed race-neutral. Hernandez v. New York, 111 S.Ct. at 1868; State v. Thompson, 516 So.2d at 354.
If a prosecutor presents reasons for the exercise of a peremptory challenge *634 which are racially neutral on their face, an issue of fact is joined and the trial court must assess the weight and credibility of that explanation in order to determine whether there was purposeful discrimination in the use of the challenge. State v. Collier, 553 So.2d 815, 820 (La. 1989). The trial court's conclusion on the ultimate question of discriminatory intent is a finding of fact which is accorded great deference on appeal. Hernandez v. New York, 111 S.Ct. at 1868; State v. Collier, 553 So.2d at 818. In Hernandez, the Supreme Court noted that according deference to this determination makes particular sense because in the typical case involving Batson objections the "decisive question will be whether counsel's race-neutral explanation for a peremptory challenge should be believed." Hernandez v. New York, 111 S.Ct. at 1869.
We hold the trial court did not err in finding the State's explanations for peremptorily excusing Barnes, Thomas, and Baker were racially neutral. In fact, these reasons are of the type generally recognized as being racially neutral. See, e.g., State v. Lindsey, 543 So.2d 886, 898 (La. 1989), cert. denied, 494 U.S. 1074, 110 S.Ct. 1796, 108 L.Ed.2d 798 (1990) (limited education, inability to grasp legal issues); State v. Willis, 552 So.2d 39, 42 (La.App. 3d Cir.1989), writ denied, 560 So.2d 20 (La.1990) (meekness, inattentiveness, possible inability to understand proceedings); State v. Manuel, 517 So.2d 374, 376 (La. App. 5th Cir. 1987) (unresponsiveness). Further, the trial judge who observed Murray at the remand hearing specifically found his testimony to be "credible and truthful."
Nevertheless, defendant argues the apparent legitimacy of these neutral reasons is undermined by the fact that there was documentary evidence introduced establishing that the prosecutor was of a mind to discriminate against black members of the jury venire. The evidence to which defendant refers consists (1) of the prosecutor's seating or selection chart, on the first page of which the race of each prospective juror is indicated, and (2) a copy of the State's jury venire list for the week of defendant's trial, on which the race of several members of the venire is noted. Defendant refers to these notations as "color-coding" and argues they demonstrate the State's discriminatory intent.
Regarding the seating chart, Murray testified the race of prospective jurors was noted in order to preserve this information in the event of a Batson objection. With respect to the jury venire list, we note there were also notations made regarding the race of white members of the venire; our review of the list reveals notations regarding ten black members and seven white members. In most instances, there are also notations by the names of these individuals indicating they were excused from jury duty. Murray speculated the race of these individuals was probably noted as the roll was called or when they were excused.[2] He also testified this list was for the use of all the prosecutors in the district attorney's office and was not for his exclusive use. In fact, he stated he did not recognize any of the notations on the list as being in his handwriting. Moreover, he stated that while he had looked at the venire list prior to defendant's trial, he did not utilize it during voir dire.
In rejecting defendant's Batson claim, the trial court also apparently rejected defendant's contention that the notations pointed out by defendant were made for a discriminatory purpose. In considering this evidence, the trial court had to weigh and evaluate it against the other evidence presented at the hearing, including the explanations and reasons given by the prosecutor who tried the case. The trial court specifically accepted Murray's testimony, obviously finding his explanations to be plausible and racially neutral. From our review of the record, and considering the deference due the trial court's ruling, we find no abuse of discretion in the trial court's determination that the reasons offered by the State for peremptorily challenging *635 the three black prospective jurors were racially neutral explanations under Batson v. Kentucky.
An additional argument made by defendant, however, is that Batson requires the State to give its reasons for a peremptory challenge at the time a Batson objection is made. Specifically, defendant expressed concern that the passage of time, in this case approximately four and one-half years from the date of trial until the remand hearing, allows a prosecutor the chance to create race-neutral reasons and deprives a defendant of the opportunity to challenge the validity of the prosecutor's spontaneous statement of reasons. Initially, we note defendant should have raised his objection to the propriety of the remand procedure ordered by this court in his first appeal through an application for rehearing or an application for writs to the Louisiana Supreme Court. Moreover, remand for an evidentiary hearing was appropriate in the present case. It is true the proper time for the prosecutor to state his reasons for exercising a peremptory challenge in response to a Batson objection is before the completion of the jury panel, if a prima facie showing of purposeful discrimination has been established. See State v. Williams, 524 So.2d 746 (La. 1988). However, in cases such as the present one where the prosecutor's failure to give reasons is due to a ruling by the trial court on the defendant's Batson objection, a remand for an evidentiary hearing is an appropriate remedy. See Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); State v. Young, 551 So.2d at 700; State v. Williams, 524 So.2d at 747.
Finally, defendant also complains that at least two black prospective jurors were excused from the jury venire for unknown reasons before trial, apparently on the basis of hardship determinations. He argues the practice of granting such hardship exclusions outside the presence of counsel allows the prosecution an opportunity to purge blacks from the venire. We note, however, there is no evidence in the record that the prosecution was involved in any manner with the granting of these hardship exclusions. In fact, hardship exclusions are granted by the court itself, not by the prosecution. La.C.Cr.P. art. 783; also see State v. Robertson, 464 So.2d 760, 764 (La.App. 1st Cir. 1984), writ denied, 467 So.2d 534 (1985). Moreover, article 783 authorizes a court to excuse a member of the petit jury venire at any time prior to the time he is sworn as a juror to try a particular case if jury service would cause him "undue hardship or extreme inconvenience." State v. Cass, 356 So.2d 936, 938 (La.1977). Further, it is not necessary for the defendant to be present when the trial court excuses prospective jurors before the defendant's case is called for trial. State v. Meriwether, 412 So.2d 558, 559 (La. 1982); State v. Cass, 356 So.2d at 938. A defendant in a criminal case has no right to a trial by a particular jury or juror. Due process in a criminal jury trial requires only that defendant be afforded a jury from which there has been no arbitrary exclusion of any particular group of individuals. State v. Roy, 496 So.2d 583, 589 (La.App. 1st Cir. 1986), writ denied, 501 So.2d 228 (La.1987). The trial court is vested with broad discretion in excusing prospective jurors on the basis of hardship, and the court's determination will not be disturbed in the absence of a showing of fraud or irreparable injury. State v. Cass, 356 So.2d at 938; see also La.C.Cr.P. art. 419. There was no showing of fraud or collusion resulting in the discriminatory exclusion of black members from the jury venire.
For these reasons, this assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] The facts of the offense for which defendant was convicted, as well as the arguments made in his initial appeal, are set forth in State v. Young, 551 So.2d 695 (La.App. 1st Cir. 1989). The trial judge was the Honorable James R. Strain, Jr. We take judicial notice of the fact that Judge Strain retired from the district court bench on July 31, 1989.
[2] The record does not indicate whether any of these individuals would have been called as prospective jurors in defendant's trial if they had not been excused.