733 So.2d 648 (1999)
STATE of Louisiana
v.
Edwin DUHE.
No. 98-KA-1108.
Court of Appeal of Louisiana, Fifth Circuit.
March 30, 1999.
*649 John M. Crum, Jr., District Attorney, Rodney A. Brignac, Assistant District Attorney, LaPlace, for Plaintiff/Appellee.
Bertha M. Hillman, Louisiana Appellate Project, Thibodaux, for Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, THOMAS F. DALEY, and SUSAN M. CHEHARDY.
GOTHARD, Judge.
Defendant, Edwin Duhe, was convicted of simple escape in violation of La. R.S. 14:110(A) and he was sentenced to five years at hard labor. Defendant appeals. For the following reasons, we affirm.
In the early morning hours of September 29, 1997, Lieutenant St. Martin and Corporal Anderson found defendant sleeping in his car, which was parked in the LaPlace Housing Development. At that time, defendant was on a "bar-list", and was not allowed on the property of the Development; therefore, he was arrested for simple trespassing.
After arrest, Corporal Anderson transported defendant to the police substation. Corporal Anderson took the handcuffs off of defendant to allow him to sign papers, at which time defendant asked to use the restroom. After the defendant used the restroom, he opened the door to the station. Corporal Anderson told defendant to come back inside and sit down; however, defendant ran off. Corporal Anderson pursued defendant, and he also fired three shots into the air in an effort to stop *650 defendant; however, defendant ran away. Defendant was apprehended several days later.
In his first assignment of error, defendant alleges that the trial court improperly denied his motion to reconsider sentence. The defendant complains that his sentence of five years imprisonment at hard labor, which is the maximum sentence allowable by the law, is constitutionally excessive. He further argues that the sentence is not supported by the record, as he is not "the worst type of offender" and that his sentence is disproportionate when compared to similarly situated offenders. He also argues that the trial court failed to consider LSA-C.Cr.P. art. 894.1, and failed to consider any mitigating circumstances.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. State v. Lassere, 95-1009 (La.App. 5 Cir. 10/1/96), 683 So.2d 812, writ denied, 96-2655 (La.4/18/97), 692 So.2d 445. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. Id. Maximum sentences are reserved for cases involving the most serious violations of the offense charged, and the worst type of offender. State v. McCorkle, 97-966 (La.App. 5 Cir. 2/25/98), 708 So.2d 1212, 1218.
The court should consider three factors in reviewing a judge's sentencing discretion: 1) the nature of the crime; 2) the nature and background of the offender; and, 3) the sentence imposed for similar crimes by the same court and other courts. State v. Richmond, 97-1225 (La.App. 5 Cir. 3/25/98), 708 So.2d 1272, 1275. The sentence imposed will not be set aside absent a showing of manifest abuse of the trial court's wide discretion to impose sentence within the statutory limits. State v. Lassere, supra. "On appellate review of sentence, the relevant question is `whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.'" State v. Thomas, 98-1144 (La.10/9/98), 719 So.2d 49.
We also note that, regarding LSA-C.Cr.P. art. 894.1, "[i]f there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every circumstance listed in Article 894.1 will not require a remand for re-sentencing." State v. Morris, 98-236 (La.App. 5 Cir. 9/16/98), 719 So.2d 1076.
Defendant herein was sentenced to five years at hard labor, the maximum sentence he could have received under La. R.S. 14:110.[1] In imposing sentence the trial court stated that he considered the factors of the Criminal Code and the presentence investigation report prepared in this case. The presentence investigation report reflects that the defendant is a thirty-seven year old male with a lengthy arrest record. At the time of sentencing defendant had several misdemeanor charges pending, and a scheduled trial date for a felony charge of possession of cocaine with intent to distribute. The presentence investigation report also stated that the defendant was well known to most of the deputies in the parish, as well as the correctional staff in the jail, and that defendant is an "educated and intelligent person" who has "shown a frequent disregard *651 for the law" and "it does not seem he intends to change his ways". The presentence investigation report recommended that the maximum sentence be imposed. The record also reflects that defendant has a prior conviction for "theft intimidation" in Texas.
We cannot find, based on the record before us, that the trial judge abused his discretion in imposing a five year term of imprisonment, and we find no error in his refusal to grant defendant's motion to reconsider sentence.
In his second allegation of error, the defendant argues that the trial court improperly denied his motion to quash the jury venire.
The record reflects that the trial court excused twenty-seven (27) of the one hundred and fifty (150) potential jurors out of the presence of the defendant, his attorney, and the district attorney.
In State v. Williams, 96-1023 (La.1/21/98), 708 So.2d 703, 710, cert. denied, ___ U.S. ___, 119 S.Ct. 99, 142 L.Ed.2d 79 (1998), the Louisiana Supreme Court, relying on LSA-C.Cr.P. art. 783[2] and Rules of CourtSupreme Court of Louisiana Rule XXVI, said that:
The trial court is authorized to excuse a person from jury service either before or after selection to the general venire or jury pool if such service would result in undue hardship or extreme inconvenience. The court is permitted to take this action on its own initiative or on the recommendation of an official or employee designated by the court. The trial court is vested with broad discretion in excusing prospective jurors for undue hardship.
Furthermore,
La.Code Crim. P. art. 783 authorized the court to excuse a member of the petit jury venire at any time prior to the time he is sworn as a juror to try a particular case if jury service would result in "undue hardship or extreme inconvenience." We have held that a defendant need not be present when the trial judge excuses prospective jurors before his case is called for trial. State v. Sheppard, 350 So.2d 615 (La. 1979[1977]); State v. Williams, 258 La. 801, 248 So.2d 295 (1971). Moreover, the trial court is vested with broad discretion in excusing prospective jurors for undue hardship. State v. Ivy, 307 So.2d 587 (La.1975). This discretion to release prospective jurors in advance of voir dire examination is not to be disturbed unless there is a showing of fraud or collusion resulting in prejudice to the accused. State v. Sheppard, supra; State v. Gomez 319 So.2d 424 (La. 1975).
State v. Edwards, 406 So.2d 1331, 1347 (La.1981), cert. denied, 456 U.S. 945, 102 S.Ct. 2011, 72 L.Ed.2d 467 (1982); State v. Cass, 356 So.2d 936, 937 (La.1977).
Defendant contends that because counsel was not present, "it is impossible to determine whether or not there has been arbitrary exclusion of any particular group of individuals." He argues that the record *652 should have been preserved so that he would have had an opportunity and the means to determine whether there was arbitrary exclusion, fraud or irreparable injury.
In State v. Young, 613 So.2d 631, 635 (La.App. 1 Cir.1992), writ denied, 626 So.2d 1186 (La.1993), at least two black prospective jurors were excused from the jury venire for unknown reasons before trial, apparently on the basis of hardship determinations. On appeal, the defendant argued that "the practice of granting such hardship exclusions outside the presence of counsel allows the prosecution an opportunity to purge blacks from the venire." Id. The First Circuit found no abuse of the trial judge's discretion, and noted that "there is no evidence in the record that the prosecution was involved in any manner with the granting of these hardship exclusions." Id. See also, State v. Collier, 474 So.2d 529, 537 (La.App. 3 Cir.1985).
In this case, as the defendant himself has pointed out, the record fails to demonstrate a showing of fraud or collusion resulting in prejudice. Although the defendant complains that the record does not allow for a determination of whether there was fraud or prejudice, the defendant's trial attorney did not request that the trial judge place in the record the reason(s) he relied upon in dismissing each of the twenty-seven jurors from service. We also note that the district attorney was not involved in this process, and also had no knowledge of the reasons for the exclusions. Upon the record before us, we find no abuse in the trial court's denial of defendant's motion to quash the petit jury venire.
In addition, we have reviewed the record for errors patent in accordance with La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990) and we find no errors.
For the above discussed reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] LSA-R.S. 14:110(B)(3) provides the appropriate penalty provision for the crime of simple escape as follows:

A person imprisoned, committed, or detained who commits the crime of simple escape as defined in Paragraph A(1) of this Section shall be imprisoned with or without hard labor for not less than two years nor more than five years; provided that such sentence shall not run concurrently with any other sentence.
[2] LSA-C.Cr.P. art. 783 provides as follows:

A. The court may excuse a member of the petit jury venire at any time prior to the time he is sworn as a juror to try a particular case. The panel shall be selected from the remaining members of the petit jury venire. The court, either on its own motion, or that of the state or a defendant, may order the attachment of an absent and unexcused petit jury venireman.
B. If jury service, whether criminal or civil, would result in undue hardship or extreme inconvenience, the district court may excuse a person from such service either prior to or after his selection for the general venire, jury pool, or jury wheel. The court may take such action on its own initiative or on recommendation of an official or employee designated by the court.
C. No person or group of persons shall be automatically excused.
D. In the event a person is excused because jury service would result in undue hardship or extreme inconvenience, the court may order that person's name be placed again in the general venire or in a central jury pool.