| STATE OF LOUISIANA | * | NO. 2019-KA-0151 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| NELSON DAVIS | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 256-053, SECTION "A"
Honorable Laurie A. White, Judge

* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Terri F. Love,
Judge Roland L. Belsome, Judge Sandra Cabrina Jenkins)

Leon Cannizzaro, District Attorney
Donna Andrieu, Assistant District Attorney
Irena Zajickova, Assistant District Attorney
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

      COUNSEL FOR STATE OF LOUISIANA/APPELLEE

Christopher A. Aberle
LOUISIANA APPELLATE PROJECT
P.O. Box 8583
Mandeville, LA 70470-8583

      COUNSEL FOR DEFENDANT/APPELLANT

**SENTENCE VACATED;
REMANDED FOR RESENTENCING;
MOTION TO WITHDRAW GRANTED**

**SEPTEMBER 11, 2019**

Defendant, Nelson G. Davis, appeals his August 26, 2014 resentencing by the district court, pursuant to an order granting defendant's motion to correct an illegal sentence originally imposed in 1979, for his conviction on one count of second degree murder. In his *pro se* appellate brief, defendant argues that the district court erred in resentencing him in the absence of counsel and without determining whether defendant knowingly and intelligently waived right to counsel. Our review of the record confirms defendant's argument. Thus, since the district court resentenced defendant without counsel present and without an express waiver of counsel, we find the sentence imposed invalid. Accordingly, we vacate defendant's sentence and remand to the district court for resentencing, in compliance with constitutional mandates of the right to counsel.

## PROCEDURAL BACKGROUND[1]

In 1979, defendant was convicted of one count of second degree murder, a violation of La. R.S. 14:30.1, and sentenced to life imprisonment without parole,

---

[1] The facts underlying defendant's original conviction for one count of second degree murder are not pertinent to the instant appeal. Only procedural facts and issues pertaining to defendant's resentencing are at issue in this appeal.

probation, or suspension of sentence. On appeal, the Louisiana Supreme Court affirmed defendant's conviction and sentence. *State v. Davis*, 385 So.2d 193 (La. 1980).[2]

In 2013, defendant filed a *pro se* motion to correct illegal sentence, arguing that at the time of the offense, on July 20, 1976, the sentence to be imposed under the applicable statute, La. R.S. 14:30.1, was life imprisonment without eligibility for parole, probation, or suspension of sentence for a period of forty years. *See* La. R.S. 14:30.1 (1976)(amended 1979, in pertinent part, to mandate a sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence). Thus, defendant argued that the sentencing court imposed an illegal sentence that did not allow for the possibility of parole, probation, or suspension after a period of forty years.

On July 1, 2014, the district court granted defendant's motion and, on August 26, 2014, the district court resentenced defendant in accordance with the statute in effect at the time the offense was committed. Defendant timely filed a motion for reconsideration of sentence, a motion for appeal, and a motion for appointment of counsel. Subsequently, the district court denied defendant's motion for reconsideration of sentence, granted his notice of appeal, and appointed Louisiana Appellate Project to represent defendant on appeal of his resentencing.[3] This appeal followed.

---

[2] At the time Davis was originally convicted and sentenced, the Louisiana Supreme Court possessed exclusive appellate jurisdiction to decide his criminal appeal. *See*, La. Const. art. V, §5(E).

[3] The record reflects that, on March 16, 2018, Davis filed a writ of mandamus with this Court; Davis represented to this Court that the district court had failed to act timely on his motion for

## DISCUSSION

On appeal, defendant's appointed appellate counsel filed a brief requesting a review of the record for errors patent, and defendant filed a supplemental brief raising one assignment of error.

### *Anders* **Brief**

Defendant's counseled brief avers that, at resentencing, the district court imposed the only sentence authorized under the law in effect at the time of the offense and that there are no nonfrivolous issues to be raised in the appeal. Therefore, appellate counsel requests a review of the record for errors patent and permission to withdraw as counsel, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241, and *State v. Benjamin*, 573 So.2d 528 (La. App. 4th Cir. 1990).

In accordance with the applicable jurisprudence, appointed counsel's motion "will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf." *Benjamin*, 573 So.2d at 531. In this appeal, defendant availed himself of the opportunity to file a supplemental brief on his own behalf. Thus, before acting on appellate counsel's motion, we turn to discuss our review of the record and defendant's *pro se* assignment of error.

---

reconsideration of his sentence, a notice of appeal, and a request for the appointment of appellate counsel, filed on September 2, 2014. This Court ordered the district court to act upon defendant's pleadings and to provide this Court with a copy of its judgment. *State v. Davis*, unpub., 18-0220 (La. App. 4 Cir. 3/27/18). In compliance with this Court's order, the district court provided a copy of its ruling on defendant's motion for reconsideration of sentence, which had been rendered on January 31, 2017; in addition, the district court acted upon defendant's notice of appeal and motion for appointment of appellate counsel, granting both on April 9, 2018.

***Pro se* Assignment of Error**

In his *pro se* supplemental brief, defendant argues that the district court committed patent error when it vacated his prior sentence via teleconference and resentenced him without first appointing an attorney or determining waiver of counsel. From our review of the record, in light of the applicable law and jurisprudence, we agree.

Louisiana Constitution Art. 1, §13 guarantees to every person accused of a criminal offense the right to the assistance of counsel at every stage of the proceedings, including sentencing. *State v. Morgan*, 17-0588, p. 2 (La. App. 4 Cir. 5/16/18), 244 So.3d 568, 571-72, *writ denied*, 18-0987 (La. 12/17/18), 258 So.3d 603. Likewise, the Sixth Amendment of the United States Constitution mandates the right, unless expressly waived, to the assistance of counsel at every critical stage of the proceedings against a defendant. *McConnell v. Rhay*, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968). Any defendant who relinquishes the right to counsel in favor of self-representation must be made aware of the dangers and disadvantages of self-representation, and the district court must make a determination that a defendant's waiver of counsel is intelligently and voluntarily made. *State v. Carpenter*, 390 So.2d 1296, 1298 (La. 1980); *see Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). "Unless a defendant has made a knowing and intelligent waiver of his right to counsel, any sentence imposed in the absence of counsel is invalid and must be set aside." *State*

4

*v. Hall*, 99-2887, p. 16 (La. App. 4 Cir. 10/4/00), 775 So.2d 52, 62 (citing *State v. Williams*, 374 So.2d 1215, 1217 (La. 1979)).

Regarding the determination of a defendant's waiver of counsel, in *Carpenter*, 390 So.2d at 1298, the Louisiana Supreme Court stated as follows:

> The determination of whether there has been an intelligent waiver of the right to counsel depends upon the facts and circumstances surrounding the case, including the background, experience, and conduct of the accused. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *State v. Harper*, 381 So.2d 468 (La. 1980). The record must establish that the accused knew what he was doing and that his choice was made with "eyes wide open." *Faretta*, *supra*; *Adams v. United States ex rel. McCann*, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942). Thus, before a trial judge can allow a defendant to represent himself, he must determine whether defendant's waiver of counsel is intelligently and voluntarily made, and whether his assertion of his right to represent himself is clear and unequivocal. *State v. Hegwood*, 345 So.2d 1179 (La. 1977).

*See also State v. Carter*, 10-0614, p. 25 (La. 1/24/12), 84 So.3d 499, 520, *cert. denied*, 568 U.S. 823, 133 S.Ct. 209, 184 L.Ed.2d 40 (2012).

In this case, the record reveals no determination by the district court of defendant's waiver of his right to counsel before the district court proceeded with resentencing. As reflected by the transcript of the August 26, 2014 proceedings, the district court conducted a hearing via teleconference with the incarcerated defendant. At the start of the proceeding, the State acknowledged that defendant's original sentence of life without the possibility of parole, probation, or suspension of sentence was improper and that defendant should be resentenced according to the statute in effect at the time of the offense in 1976. The district court then proceeded as follows:

THE COURT:

Since that court did not allow for the possibility of his release on parole after forty years, the sentence imposed at that time was illegal and I cite the case of *State versus Dorsey*, 406 So.2d 1353 Louisiana Supreme Court 1981. Therefore, your motion to correct an illegal sentence is granted, Mr. Davis and you're on teleconference, so your re-sentencing will be held at this time unless there's an objection. State? Defense? He's in Proper Person.

[THE STATE]:

No objection.

THE COURT:

All right. Mr. Nelson, I'm vacating and setting aside your previous sentence and sentencing you to imprisonment at hard labor for life, without eligibility for parole, probation or suspension of sentence for a period of forty (40) years. You will be given credit for all time served since your original arrest date. This sentence will run concurrent with any and all other sentences that you may be serving.

\*\*\*

[DEFENDANT]:

Your honor, I have not yet served forty (40) years. However, the Judge imposed a sentence as presented by the statute, I will not be able to seek the relief once I reach the forty (40) year mark because of what the law would not allow me to.

\*\*\*

THE COURT:

You got a life sentence, the same thing you had before, but we've added a sub-part as the law read, that after forty (40) years you're eligible for probation, parole or suspension of sentence. That may or may not provide you some benefit at some point. We're just giving you the legal sentence, that the law requires that you have based on the statute that was in effect at the time of your sentencing. This is what you asked for in your motion. You got what you asked for.

[DEFENDANT]:

Yes, ma'am. I was asking you for a probation, suspend the life sentence and give me a probation. I been locked up for 38 years. I'm 28 months short of 40 years.

THE COURT:

So when you're at 40 years then you gotta ask somebody else for something, not me. At this point, this is the first step in the process, I'm assuming, and it's all I can do for you. You understand?

\*\*\*

THE COURT:

I gave you a forty (40) year life. Life at forty (40) years you can ask for probation, parole or suspension of sentence.

[DEFENDANT]:

The State said I can't – they don't – life don't carry parole.

THE COURT:

I know. You'll have to work on – I'm not your lawyer here. You're going to have to go back to the inmate counsel that assisted you with this. I'm staying to the four corners of your pleading and you have an illegal sentence for 38 years. Now your sentence is legal. […]
Go back to your inmate counsels or your lawyer and find out what your should do again, all right.

As the transcript reflects, defendant was not represented by counsel and he did not expressly waive his right to counsel. Instead, the district court acknowledged that defendant was appearing via teleconference and in proper person. And though the State answered that it had no objection to proceeding to resentencing, defendant did not make any statement on the record as to whether he was knowingly and intelligently waiving counsel and proceeding *pro se*. Furthermore, the district court did not make any determination of defendant's waiver of the right to counsel and of his clear, unequivocal intent to represent himself. *See Carpenter*, 390 So.2d at 1298. Consequently, we find that the district court failed to adhere to the constitutional mandates of the right to the counsel. *See State v. Joseph*, 14-1188, p. 4 (La. App. 5 Cir. 5/6/15), 164 So.3d 389, 391-92.

Because the district court sentenced defendant in the absence of counsel and without determining whether defendant knowingly and intelligently waived his right to counsel, the sentence imposed is invalid and must be set aside. Accordingly, we vacate the sentence imposed by the district court and remand this matter for resentencing in compliance with the constitutional mandates discussed herein.

Finally, although appointed appellate counsel failed to discover the district court's error, patent on the face of the record and raised by defendant *pro se*, we find that appointed appellate counsel complied adequately with *Anders*, *Jyles*, and *Benjamin*, *supra*, and we grant the motion to withdraw.

## CONCLUSION

For the foregoing reasons, we find the sentence imposed by the district court on August 26, 2014, invalid. Accordingly, we vacate defendant's sentence and remand the matter for resentencing, in accordance with the law in effect at the time of the offense and with the constitutional mandates of the right to counsel.

**SENTENCE VACATED;**
**REMANDED FOR RESENTENCING;**
**MOTION TO WITHDRAW GRANTED**